**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
CAMDEN VICINAGE

---

| | |
|---|---|
| RODERICK D. GAINES, JR.<br>1923 Beach Avenue, Apt. B<br>Atlantic City, NJ 08401<br><br>Plaintiff,<br><br>v.<br><br>SECURITY GUARD, INC. T/A<br>TRI-COUNTY SECURITY<br>1142 E. Chestnut Ave, Unit A<br>Vineland, NJ 08360<br><br>Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff Roderick Gaines ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Security Guard, Inc. t/a Tri-County Security ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* by failing to engage in an interactive process of determining a reasonable accommodation for his disability; by discharging Plaintiff on account of his disability and/or because Defendant regarded him as being disabled within the meaning of the ADA; and in retaliation for requesting a reasonable accommodation in connection thereto. Additionally, Plaintiff alleges violation of and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq*.

## PARTIES

2. Plaintiff, Roderick D. Gaines, Jr. is an adult American citizen who presently maintains a residence at 1923 Beach Avenue, Apt. B, Atlantic City, New Jersey, 08401.

3. Upon information and belief, Defendant, Security Guard, Inc. t/a Tri-County Security is a New Jersey corporation with a principle place of business located at 1142 E. Chestnut Avenue, Unit A, Vineland, New Jersey 08360.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were more fully set forth at length herein.

6. On or about March 13, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §2000e-5(b) and (e).  Plaintiff's Charge was docketed as EEOC Charge No. 530-2018-02652.  Plaintiff's Charge was filed within one hundred and eighty (180) days of the unlawful employment practice, i.e. discrimination on account of a disability.

7. By correspondence dated September 8, 2018, Plaintiff received Notice of Rights to Sue from the EEOC regarding his Charge of Discrimination, advising him that he had ninety (90) days to file suit against Defendant.

8. Plaintiff filed this matter within the relevant statutory timeline.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action arising under the laws of the United States.

12. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as his federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were more fully set forth at length herein.

15. In or around April 2016, Plaintiff was hired by Defendant into the role of Security Guard.

16. Over the course of his employment with Defendant, Plaintiff received positive reviews of his performance, occasional raises, and no significant discipline.

17. At all times relevant hereto, Plaintiff was qualified to perform all of the essential functions of his job, with or without accommodations.

18. By way of background, at the time of Plaintiff's hire, Plaintiff had certain ambulatory limitations to the lower left side of his body, which stemmed from a previous hip replacement surgery that had resulted in heterotopic ossification to his left hip.

19. Subsequent surgery on Plaintiff's left hip to treat the heterotopic ossification resulted in a dropped left foot.

20. Heterotopic ossification is the presence of bone inside soft tissue where bone does not normally exist. Heterotopic ossification is a "disability" within the meaning of the ADA and LAD in that, at all times relevant hereto, it substantially impaired Plaintiff's ability to engage in major life activities on a daily basis.

21. Plaintiff's duties as a Security Guard included performing routine patrols of the Department of Family and Community Development located inside the Atlantic County Administration Building at 1333 Atlantic Avenue, Atlantic City, NJ.

22. While on duty, Plaintiff averaged approximately 2.5 miles of walking per shift.

23. In light of the walking demands associated with his position and the ambulatory limitations on his left foot, Plaintiff decided to purchase a Mini-Pro Segway to utilize in conducting his patrols in or about May of 2017.

24. Use of the Segway allowed him to patrol his assigned area more efficiently and helped him to maneuver through hallways with more stability.

25. After using the Segway for approximately three (3) weeks, Manager, Nancy Upham ("Ms. Upham"), questioned his use of the Segway while on duty.

26. After explaining to Ms. Upham his purpose for using the Segway, she informed him that his continued use thereof would be contingent upon him providing a doctor's note.

27. Approximately one (1) week later, Plaintiff provided a doctor's note dated June 8, 2017, from the Rothman Institute, to Jackie Perkins ("Mr. Perkins"), Defendant's Administrative Supervisor assigned to his worksite.

28. Upon receipt of the note, Ms. Perkins indicated Plaintiff could continue to use the Segway to conduct his patrols.

29. Two (2) months later, on or around August 24, 2017, he was abruptly informed by one of his Managers, Brian (last name unknown) ("Brian LNU"), to discontinue his use of the Segway.

30. Plaintiff received similar instructions from Cheryl (last name unknown) ("Cheryl LNU"), one of Defendant's owners, indicating he could not use the Segway due to "liability reasons."

31. Plaintiff complied with the directive from Brian LNU and Cheryl LNU to discontinue his use of the Segway.

32. Merely four (4) days later, Plaintiff received a phone call from Brian LNU, wherein his employment was terminated on the alleged grounds that his services were no longer needed. No further explanation was provided for his separation from employment.

33. Upon information and believe, at least two (2) guards were hired and assigned to the Atlantic County Administration Building shortly following Plaintiff's termination.

34. In light of the foregoing, Plaintiff believes and thus avers Defendant's reason for terminating his employment was pretextual, and that he was actually terminated on the account of his disability and in retaliation for his request for a reasonable accommodation in connection thereto, in violation of the ADA and LAD.

35. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION AND RETALIATION

36. Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

38. At all times relevant hereto, Defendant had at least fifteen (15) employees.

39. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

40. As described above, Plaintiff's condition is a physical impairment that substantially limited Plaintiff in one or more major life activities, including walking and standing.

41. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

42. Plaintiff's request for using a Segway for the above-mentioned condition constituted a request for a reasonable accommodation.

43. Defendant failed to engage in the interactive process with Plaintiff with respect to providing Plaintiff a reasonable accommodation.

44. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disability and/or because it regarded him as being disabled within the meaning of the ADA.

45. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

46. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## THE NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. § 10:5-1, *et seq.*
## DISCRIMINATION AND RETALIATION

47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were more fully set forth at length herein.

48. At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*.

49. Pursuant to the LAD, Plaintiff is a qualified individual with a disability in that, at all times relevant hereto, hee suffered from a physical impairment that substantially limited his major life activities.

50. Plaintiff was/is able to perform the essential functions of his job with or without reasonable accommodation.

51. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

52. Defendant failed to engage in the interactive process with Plaintiff with respect to providing Plaintiff with a reasonable accommodation.

53. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities, because Defendant regarded Plaintiff as being disabled within the meaning of the LAD, and/or in retaliation for Plaintiff's requests for reasonable accommodations in connection with his disability.

54. Defendant's conduct was intentional, deliberate, willful, and conducted in disregard to the rights of Plaintiff.

55. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: __/s/ Michael Murphy_____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: December 5, 2018

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.