UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODERICK D. GAINES, JR.

          Plaintiff,

   v.

SECURITY GUARD, INC., t/a TRI-
COUNTY SECURITY, et al.

         Defendants.

HONORABLE NOEL L. HILLMAN

Civil Action No.
18-16853 (NLH/AMD)

**MEMORANUDM OPINION**

**HILLMAN**, District Judge:

This matter comes before the Court by way of a Motion to Dismiss filed by Defendant Security Guard, Inc. (hereinafter "SGI"). (See SGI's Mot. [Docket Item 7].) Plaintiff Roderick D. Gaines, Jr. (hereinafter, "Plaintiff") opposes the motion. (See Pl.'s Opp'n [Docket Item 8].) For the reasons discussed below, the Court will deny Defendant SGI's motion.

    1.   **Factual Background and Procedural History.** On December 5, 2018, Plaintiff filed the present lawsuit, naming Defendant SGI as the sole defendant. (See Complaint [Docket Item 1].) The initial Complaint alleged that Plaintiff was employed by Defendant SGI beginning in April 2016, where his duties included patrolling a building operated by Defendant Atlantic County, New Jersey. (Id. at ¶¶ 15, 21.) The initial Complaint further alleged that due to the progression of a prior

medical condition, Plaintiff purchased a "Segway" motorized device in May of 2017 and began utilizing it to conduct his patrols. (Id. at ¶¶ 23-24.) Plaintiff's initial Complaint further alleged that he discussed the use of his Segway with his manager, that Plaintiff provided a doctor's note regarding his need for the Segway on June 8, 2017, and that Plaintiff was told that he would be allowed to continue using the Segway for his patrols. (Id. at ¶¶ 25-28.) Plaintiff then alleged that, on or about August 24, 2017, he was informed by one of his managers that he must discontinue use of his Segway, that he complied with that directive, and that four days later he was terminated by that same manager who only indicated that Plaintiff's "services were no longer needed." (Id. at ¶¶ 29-32.)

2.    Plaintiff's initial Complaint then further alleged that shortly after his termination, multiple additional employees were hired to patrol the building Plaintiff patrolled prior to his termination. (Id. at ¶ 32.) Plaintiff's initial Complaint alleged that he was terminated in violation of the Americans with Disabilities Act (hereinafter, "ADA") and the New Jersey Law Against Discrimination (hereinafter, "NJLAD). (Id. at ¶¶ 34, 36-55.)

3.    On February 25, 2019, Defendant SGI filed a Motion to Dismiss Plaintiff's initial Complaint, alleging that the Complaint must be dismissed for failure to join a necessary

party: Defendant Atlantic County. (See Motion to Dismiss [Docket Item 5].) On March 14, 2019, Plaintiff filed an Amended Complaint [Docket Item 6] as a matter of right, naming Atlantic County as a defendant, and the Court dismissed Defendant SGI's first Motion to Dismiss as moot. (See Text Order [Docket Item 15].) Thereafter, Defendant SGI filed the present motion, seeking to dismiss Plaintiff's Amended Complaint. (See SGI's Mot. [Docket Item 7].)

4. **Standard of Review.** Federal Rule of Civil Procedure 12(b)(7) provides that an action may be dismissed due to a plaintiff's failure to join an indispensable party pursuant to Rule 19. Federal Rule of Civil Procedure 19, in turn, provides the standard the Court must employ in determining whether a case may proceed without the joinder of certain persons, and requires that the Court undertake a three-part analysis to evaluate the indispensability of the absent parties. The Court must decide (1) whether it is necessary that the absent party be joined; (2) whether it is possible for the absent necessary party to be joined; and (3) if joinder of the absent party is not feasible, whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Id.; see also Fiscus v. Combus Fin. AG, No. 03-1328, 2007 WL 4164388, at *4 (D.N.J. Nov. 20, 2007). "If the party is indispensable, the

action therefore cannot go forward." <u>Janney Montgomery Scott,</u>
<u>Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 404 (3d Cir. 1993).
The question of an absent person's indispensability is a fact-
specific issue that "can only be determined in the context of
the particular litigation." <u>Provident Tradesmens Bank & Trust</u>
<u>Co. v. Patterson</u>, 390 U.S. 102, 118 (1968).

5. **Discussion.** Defendant SGI moves to dismiss Plaintiff's
Amended Complaint for failure to join an indispensable party
pursuant to Federal Rule of Civil Procedure 19. (<u>See</u> SGI's Mot.
[Docket Item 7], 6-11.) Defendant SGI asserts that Defendant
Atlantic County is an indispensable party to this lawsuit and
that Plaintiff is not able to join Defendant Atlantic County.
(<u>Id.</u>)

6. <u>Defendant Atlantic County has been joined.</u> On March
14, 2019, prior to the date on which Defendant SGI filed of the
present motion, Plaintiff filed an Amended Complaint as a matter
of right.[1] (<u>See</u> Am. Compl. [Docket Item 6]; Fed. R. Civ. P.
15(a)(1)(B).) Plaintiff's Amended Complaint added Defendant
Atlantic County as a second defendant to this suit. (<u>See</u> <u>id.</u>)

---

[1] Plaintiff's Amended Complaint was filed within twenty-one (21)
days of the filing of Defendant SGI's earlier Motion to Dismiss.
(<u>See</u> Motion to Dismiss [Docket Item 5]; Amended Complaint
[Docket Item 6].) Defendant SGI's earlier Motion to Dismiss was
then dismissed as moot, as the Complaint [Docket Item 1] which
it sought to have dismissed was no longer the operative pleading
in the case. (<u>See</u> Text Order [Docket Item 15].)

Furthermore, the docket indicates that summons was issued as to Defendant Atlantic County and that service was effected on May 30, 2019.[2]  (See Summons Issued [Docket Item 14]; Summons Returned Executed [Docket Item 16].)  As such, Plaintiff has joined Defendant Atlantic County, the party that Defendant SGI asserts is indispensable, and therefore this suit may not be dismissed under Federal Rule of Civil Procedure 12(b)(7).

7.    Exhaustion of administrative remedies. Defendant SGI appears to argue in the present motion that Plaintiff's joinder of Defendant Atlantic County to this action will result in the later dismissal of Defendant Atlantic County, because Defendant SGI alleges that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Atlantic County.  (See SGI's Br. [Docket Item 7-1], 9.)  However, Defendant SGI does not have the right to advance this argument on behalf of Defendant Atlantic County, nor does Defendant SGI provide the Court with evidence that Plaintiff in fact has not exhausted his

---

[2] The Court notes that the docket indicates that process for Defendant Atlantic County was served on the Attorney General of New Jersey.  (See Summons Returned Executed [Docket Item 16].) The docket does not indicate that process has been served on the Clerk of Atlantic County.  However, the present motion does seek the Court's ruling on the sufficiency of service.  (See generally SGI's Mot. [Docket Item 7].)  The Summons for Defendant Atlantic County was not executed until after the present motion was filed; however, no party has sought leave to supplement the briefing in relation to this motion.  Therefore, the Court will not determine whether Defendant Atlantic County has been properly served at this time.

administrative remedies with respect to Defendant Atlantic County.  Therefore the Court will deny this portion of Defendant SGI's present motion.[3]

8.   **Whether Defendant Atlantic County is an indispensable party.**  Defendant Atlantic County has been joined to this suit. Therefore, the Court shall dispose of this motion for the reasons set forth above and the Court need not, and therefore will not, address the parties' arguments pertaining to whether Defendant Atlantic County is an indispensable party to this suit at this time.

9.   **Conclusion.** For the reasons set forth above, Defendant SGI's Motion to Dismiss [Docket Item 7] will be denied.  The accompanying Order shall be entered.


**October 23, 2019_____**                **s/ Noel L. Hillman_____**
Date                                       NOEL L. HILLMAN
                                           U.S. District Judge


At Camden, New Jersey

---

[3] Plaintiff also responds that his sole claim against Defendant Atlantic County, alleging violation of NJLAD, does not require Plaintiff to exhaust available administrative remedies prior to filing suit.  (See Pl.'s Opp'n [Docket Item 8], 6 (citing N.J. Stat. Ann. §§ 10:5-12.11, 10:5-13).)  Defendant SGI did not file a reply brief with respect to the present motion, and therefore has not responded to this contention.  However, the Court notes that the statutes cited in Plaintiff's opposition brief supports Plaintiff's contention that exhaustion of administrative remedies is not a necessary precursor to filing a lawsuit under NJLAD.  Therefore, Plaintiff's joinder of Defendant Atlantic County cannot fail on this basis.